# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          No. 3:23-cr-97-BJB

ADRIAN HAMILTON

### ORDER DENYING MOTION TO REVOKE PRETRIAL DETENTION

Adrian Hamilton's challenge to the Magistrate Judge's pretrial detention order fails due to his lack of evidence that he isn't a danger to others, as well as the Government's evidence that he is.

**A. The Magistrate Judge's Detention Ruling.** A grand jury indicted Hamilton for conspiring to and actually distributing methamphetamine. Indictment (DN 1) at 1, 6, 9. After a hearing, Magistrate Judge Lindsay ordered Hamilton detained pending trial. Detention Order (DN 56). That order reflected Hamilton's failure to introduce sufficient evidence rebutting the presumption of detention Congress assigned to controlled-substance offenses carrying a maximum sentence of 10 years or more. *Id.* (citing 18 U.S.C. § 3142(e)(3)). Specifically, Judge Lindsay's order concluded that Hamilton hadn't produced evidence that "conditions will reasonably assure the appearance of the defendant … and the safety of the community." *Id.* Although this finding covered both flight risk and safety, the order went on to distinguish the two. As an alternative basis for detention under 18 U.S.C. § 3142(g)—which comes into play if a defendant *has* provided evidence to rebut the presumption of detention—Judge Lindsay concluded that the Government showed "by clear and convincing evidence" that no conditions of release "would reasonably assure the safety" of others and the community. Detention Order at 2. This second finding did *not* mention Hamilton's flight risk. The order specified that the safety finding rested on Hamilton's prior criminal history, the weight of the evidence against him, and the timing of that alleged activity—while Hamilton was on supervised release based on a prior conviction. *Id.*

**B. This appeal.** Hamilton has asked the Court to revoke the detention order and release him on bond. Motion to Revoke (DN 58) at 1 (citing 18 U.S.C. § 3145(b)). Section 3145(b) provides that a person "ordered detained by a magistrate judge … may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." As Hamilton notes, defendants typically retain their liberty before conviction. Motion at 3. But Congress has directed that

1

defendants in Hamilton's position presumptively should be detained because they stand accused of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(e)(3)(A).[1] A defendant may rebut this presumption by producing "evidence that he does not pose a danger to the community *or* a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (emphasis added). "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant." *Id.* (internal quotation marks omitted). That burden is "not heavy," but requires "at least some evidence." *Id.* (internal quotation marks omitted).

If a defendant carries that burden, the Government must "prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure the safety of the community." *Id.* at 946. To make that determination, a court must consider four factors identified by Congress in 18 U.S.C. § 3142(g): "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger … posed by the person's release." This Court's review is de novo. *See United States v. Brown*, 601 F. Supp. 3d 196, 199 (W.D. Ky. 2022).

Whether viewed as the Defendant's absence of evidence under § 3142(e) or the Government's clear and convincing evidence under § 3142(g), Hamilton's challenge fails: the Magistrate Judge correctly concluded, based on the record evidence, that no condition or combination of conditions of release would reasonably assure the safety of others and the community.

**1.** ***Section 3142(e).*** Hamilton's challenge to the Magistrate Judge's ruling offers a handful of arguments in support. First, Hamilton recently completed a term of federal supervised release and held down a job before his arrest. Motion at 1. Second, the Court could impose a "substantial" level of supervision, including home detention, GPS monitoring, and a third-party custodian (a nurse practitioner and former schoolmate Hamilton proposes to live with). *Id.* Third, Hamilton requests a "renewed detention hearing in which he can offer further proof of the propriety of his release with conditions." *Id.* at 4. Hamilton neither cites evidence in support of these

---

[1] That statute also requires that "the judicial officer finds that there is probable cause to believe that the person committed" the relevant offense. § 3142(e)(3). But following Hamilton's indictment that requirement is immaterial because a "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Hamilton doesn't contest probable cause.

2

arguments nor connects them to Congress's flight-risk or community-safety concerns; he merely lists them.

Viewed one way, Hamilton's discussion of these community ties might undermine the Magistrate Judge's finding that he hasn't "introduced sufficient evidence to rebut the presumption" in favor of detention. As noted, this burden of production is slight: though he doesn't cite the record in his motion, Hamilton arguably put forth "at least some evidence" at his detention hearing. *Stone*, 608 F.3d at 945. As implicitly recognized by the Government, *see* Response (DN 60) at 1, Hamilton's job and potential custodian likely amount to "some evidence" that he isn't a flight risk.

The problem for Hamilton is community danger, not flight risk. He doesn't appear to have "introduce[d] some evidence contrary to the presumed fact" of danger to others and the community "in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Rather than reading the Magistrate Judge's order to suggest Hamilton introduced no evidence *at all*, a more sensible understanding is that Judge Lindsay found he "has not introduced sufficient evidence" regarding *danger* to the community and others "to rebut the presumption" of detention established by Congress. Viewed that way, the Magistrate Judge's determination is correct; none of the information discussed in his motion addresses danger. This alone is enough to reject the motion to revoke: "An unrebutted presumption requires detention." *United States v. Cornish*, 449 F. Supp. 3d 681, 683 (E.D. Ky. 2020). And Hamilton hasn't rebutted "the presumed fact," recognized by Congress, *Stone*, 608 F.3d at 945, "that no condition or combination of conditions" would "reasonably assure" the community's safety, *see* § 3142(e)(3).

Even considered under the rubric of dangerousness, these facts wouldn't rebut the presumption of detention. *See Stone*, 608 F.3d at 946 (evidence may be insufficient to take a case "outside the congressional paradigm" that presumes danger and detention). His first contention—recent completion of supervised release—cuts against release. As discussed below, the alleged offenses occurred while he was still on supervision. If probable cause exists that Hamilton committed serious offenses the last time he was released to the community on supervision, what indicates that release for pretrial monitoring would protect the public from similar crimes? Similarly, that Hamilton had an (unspecified) job during this time period may bear on flight risk, but it says nothing about his danger to the community while he was working—or whether he'd be able to return to the job if released before trial. Next, Hamilton's invocation of conditions of release available in all cases doesn't explain why they'd be effective in his case, contrary to the Magistrate Judge's findings or Congress's presumption. As to the proposed third-party custodian, Hamilton offers no explanation regarding their relationship since high school or her ability to

3

supervise him while she works as a nurse practitioner. So the record before the Court doesn't undermine Judge Lindsay's findings or Congress's presumption of danger.

The alternative request for a "renewed detention hearing in which he can offer further proof of the propriety of his release," Motion at 4, doesn't identify the evidence he would offer at such a hearing. Nor does it identify any other information "that was not known to the movant at the time of the hearing" as required by 18 U.S.C. § 3142(f)(2)(B). District courts may typically "review the magistrate judge's order de novo … without holding a further hearing." *United States v. Davis*, No. 3:23-cr-78, 2023 WL 5111962, at *1 (E.D. Tenn. Aug. 9, 2023) (collecting cases). Nothing indicates a different course is warranted here. So the lack of evidence before the Court rebutting the presumption of danger offers a sufficient basis to affirm the detention ruling.

**2. *Section 3142(g)*.** Based on the information that is before the Court, moreover, the motion to reconsider would fail even if Hamilton *had* rebutted the presumption of dangerousness. If he had, the Government would have "to prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure the safety of the community." *Stone*, 608 F.3d at 946. That determination turns on the four factors set out in § 3142(g):

(1) "the nature and circumstances of the offense charged,"
(2) "the weight of the evidence against the person,"
(3) "the history and characteristics of the person," and
(4) "the nature and seriousness of the danger … posed by the person's release."

In addition, a judge weighing a release request considers the congressional presumption favoring detention, which "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945. "The presumption remains a factor because it … reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

At least three of the four § 3142(g) factors cut against his motion—particularly in light of the presumption favoring detention before trial on these serious offenses.

*First*, Hamilton faces charges as part of a large-scale conspiracy to distribute a dangerous controlled substance—methamphetamine. Congress expressly included offenses involving "a controlled substance" among the particularly serious offenses listed in § 3142(g)(1). This means that the "nature and circumstances of the offense charged" weigh in favor of detention. *Id.* (asking "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

4

"Notwithstanding the presumption of innocence, which applies in every case," a grand-jury charge involving a controlled substance "weighs in favor of detention." *United States v. Alcauter*, No. 23-3278, 2023 WL 6378271, at *1 (6th Cir. July 11, 2023).

*Second*, "the weight of evidence against the person" is at best neutral. *See* § 3142(g)(2). This refers to "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. To be sure, nothing in the record indicates Hamilton carried a weapon or acted with aggression. Yet he stands accused of distributing methamphetamine, as part of a large conspiracy, and has a long history of drug-related crimes. The limited record neither suggests that he's particularly dangerous nor affirmatively suggests he isn't. *See, e.g.*, *United States v. Bailey*, No. 5:15-cr-3, 2015 WL 5304628, at *3 (E.D. Ky. Sept. 8, 2015) (considering criminal history as evidence of dangerousness under § 3142(g)(2)).

*Third*, Hamilton's "history and characteristics" count against him. *See* § 3142(g)(3). Hamilton's extensive criminal history (described by the Probation Office's pretrial report—discussed without objection by the parties but not found in the docket) includes multiple drug-trafficking offenses. *See, e.g.*, Response at 1; *United States v. Marcrum*, 953 F. Supp. 2d 877, 879 n.2 & 882 n.3 (W.D. Tenn. 2013) (relying in part on undocketed Probation Office pretrial report). He invokes his recent completion of a term of federal supervised release as a consideration in support of federal pretrial release. Motion at 1. But the close proximity between his recent criminal-justice experience and this indictment (which alleges a conspiracy that occurred almost entirely during his term of supervised release) cuts against him. § 3142(g)(3)(B). Additionally, several of his earlier offenses occurred while Hamilton was on either pretrial or post-incarceration release. *See* Detention Order at 2. To be sure, the statute asks "whether, *at the time of the current offense or arrest*, the person was on probation [or] parole." § 3142(g)(3)(B) (emphasis added). The fact that he committed several of his *past* offenses while on some form of supervised release, however, is at least relevant to his "history and characteristics" in terms of recidivism and future risk to the community. Overall, Hamilton's criminal history favors of detention.

*Fourth*, and finally, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" weigh in favor of detention. *See* § 3142(g)(4). This factor focuses on the danger that would arise from a person's release, rather than the seriousness of the charged crime. *See, e.g.*, *United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, at *2 (6th Cir. Apr. 24, 2023) (assessing danger that releasing defendant posed to a particular category of potential victims); *United States v. Smallwood*, No. 09–5566, 2009 WL 9119876, at *2 (6th Cir. Aug. 17, 2009) (identifying a potential victim who might be in danger if defendant

5

were released).  Courts treat "drug trafficking [as] a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (collecting cases).  So both Hamilton's current charges and his history of trafficking controlled substances suggest that his release would pose a threat to the community.

Even if the four factors were in equipoise, the statutory presumption would tip the scales toward detention. *See id.* at 945 (explaining congressional determination that "particular classes of offenders should ordinarily be detained prior to trial"). Since at least three (and arguably four) statutory factors weigh against Hamilton's requested relief, the presumption simply points further away from release.

Based on a de novo review of the decision below, therefore, the Court agrees with Judge Lindsay that no "condition or combination of conditions … will reasonably assure" the safety of other people and the community if Hamilton were released. Under the rules set down by Congress in § 3142 and the record in this case, the Court denies Hamilton's motion to revoke his pretrial detention.

Benjamin Beaton, District Judge
United States District Court

December 6, 2023